IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID NEW, individually and on behalf             CASE NO.:
of all others similarly situated,

               Plaintiff,

   v.

LULULEMON USA, INC.,

               Defendant.
_____/

## CLASS ACTION COMPLAINT

Comes now David New ("Plaintiff") on behalf of himself and all others similarly

situated and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action individually and on behalf of all others similarly

situated against Lululemon USA, Inc. ("Defendant"), alleging violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* (the "ADA") and its implementing

regulations.

2.      Plaintiff is a blind individual. He brings this class action against Defendant for

failing to design, construct, and/or own or operate Point Of Sale Devices ("POS Devices")[1] that

are fully accessible to, and independently usable by, blind people.

3.      Specifically, the POS Devices in Defendant's stores throughout the United States

are not fully accessible to, and independently usable by, blind people. Instead, the POS Devices

---

[1] By "POS Device," Plaintiff refers to the electronic device used by a customer at the point of
purchase that allows the customer to pay for items with a debit, credit, or other electronic funds
card.

have touch screen surfaces with features that are not discernible to individuals who are blind or visually impaired.

4.      To make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN").   However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, said individual does not have the ability to independently make a debit purchase. Instead, the blind or visually impaired consumer must divulge their PIN number in order to complete a debit transaction.

5.      Defendant's use of flat touch screen POS Devices discriminates against blind and visually impaired consumers in violation of the ADA by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at Defendant's stores.  42 U.S.C. § 12182(a).

6.      POS Devices with tactilely discernible keypad surfaces—which are independently usable by a blind or visually impaired individual—are readily available and in fact used by a substantial percentage of retail merchants.

7.      Plaintiff intends to continue to be a customer of Defendant's stores, and desires to make future payments by debit card.  However, unless Defendant is required to install ADA compliant POS Devices, Plaintiff will continue to be unable to independently make payments for any purchases by debit card.

8.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's POS Devices violate federal law as described, and an injunction requiring Defendant to update or replace all POS Devices that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR. | SUITE 424 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

visually impaired individuals.  Plaintiff further requests that, given Defendant's failure to comply with the ADA's mandate, this Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

<u>THE ADA AND ITS IMPLEMENTING REGULATIONS</u>

9.      On July 26, 1990, Congress enacted the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  *See* C.F.R. § 36.508(a)-(b).

10.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

11.     Title III of the ADA prohibits discrimination in places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. §§ 12181-89.

12.     Defendant owns, operates, controls and/or leases a place of public accommodation.

13.     Defendant's POS Devices located in its retail stores are not fully accessible to, and independently usable by, blind or visually impaired individuals.

14.     Defendant's centralized management policies regarding its POS Devices are inadequate, and Defendant's POS Devices continue to be inaccessible to, and not independently usable by, blind or visually impaired individuals.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

16.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

18.     Plaintiff is and, at all times relevant hereto, was a resident of the state of Florida. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

19.     Defendant is a corporation incorporated in Nevada and headquartered in Vancouver.  Defendant owns, leases, or operates a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E).

## VIOLATIONS AT ISSUE

20.     In February 2014, Plaintiff visited Defendant's store located at 1420 20th Street, Miami Beach, Florida.

21.     Plaintiff attempted to make a purchase with a debit card but was unable to make the purchase independently because, at the time of the visit, Defendant's POS Device was not fully accessible to, and independently usable by, blind people, as above described.

22.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that a significant number of the other POS Devices in Defendant's stores are similarly not independently usable by the blind or visually impaired.

23.     Defendant does not provide any auxiliary aids or services calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

24.     As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without visual impairments, cannot independently make a debit purchase at Defendant's stores.

25.     Defendant's non-compliance threatens blind people with the loss of their private banking information.  Blind people who wish to make a debit purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

26.     Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

27.     Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind people.

28.     As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer debit purchases through POS Devices are fully accessible to, and independently usable by, the blind.

29.     Plaintiff intends to return to certain of Defendant's stores to shop and to ascertain whether they remain in violation of the ADA.

30.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's POS Devices in violation of his rights under the ADA.

<u>CLASS ALLEGATIONS</u>

31.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to make a debit purchase with Defendant's POS Devices at its stores throughout the United States.

32.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

34.     <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they have all been and/or are being denied full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its POS Devices fully accessible and independently usable as above described.

35.     <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who

are competent and experienced in class action litigation generally, and who possess specific expertise in the context of class action litigation under the ADA.

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

<u>SUBSTANTIVE VIOLATION</u>

37.     The allegations contained in the previous paragraphs are incorporated by reference.

38.     Defendant has discriminated against Plaintiff and the class in that it has failed to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

39.     Defendant has discriminated against Plaintiff and the class in that it has failed to provide auxiliary aids and services calculated to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 *et seq.*  Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

40.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make their POS Devices fully accessible to, and independently usable by, blind individuals, Plaintiff invokes his statutory right to declaratory    and    injunctive    relief,    as    well    as    costs    and    attorneys'    fees.

41.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully compliant with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its POS Devices be fully accessible to, and independently usable by, blind people is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its POS Devices were fully accessible to, and independently usable by, blind individuals;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 which directs Defendant to take all steps necessary to brings its POS Devices into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the POS Devices are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its POS Devices are fully compliant with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully compliant with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.     The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: February 17, 2014           Respectfully Submitted,

By: *s/Tiffany L. Anderson*
Andrew B. Boese, Esq.
  Florida Bar No. 824771
Tiffany L. Anderson, Esq.
  Florida Bar No. 83995
LEÓN COSGROVE
255 Alhambra Circle, Suite 424
Coral Gables, FL 33134
Telephone: (305) 740-1975
Facsimile:  (305) 437-8158
aboese@leoncosgrove.com
tanderson@leoncosgrove.com
kvasquez@leoncosgrove.com

*Counsel for Plaintiff*

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR. | SUITE 424 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM