IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID NEW, individually and on behalf
of all others similarly situated, and ACCESS
NOW, INC., a Florida not-for-profit corporation,

CASE NO.:  1:14-CV-20589-JEM

        Plaintiffs,

v.

LULULEMON USA, INC.,

        Defendant.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR AN ORDER GRANTING
PRELIMINARY APPROVAL OF THE JOINT STIPULATION;
CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS;
DIRECTING NOTICE TO THE CLASS; AND SCHEDULING
THE FAIRNESS HEARING WITH INCORPORATED
MEMORANDUM OF LAW**

Come now Plaintiffs David New ("Mr. New") and Access Now, Inc. ("Access Now") (collectively, "Plaintiffs"), by and through their undersigned attorneys, and in support of their motion under Federal Rule of Civil Procedure 23, and state as follows:

### A. INTRODUCTION

Plaintiffs, blind individuals, brought this action individually and on behalf of all others similarly situated against lululemon USA, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations. Specifically, Plaintiffs allege that Defendant has failed to design, construct, and/or own or operate Point Of Sale Devices ("POS Devices")[1] that are fully

---

[1] By "POS Device," Plaintiffs refer to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.

accessible to, and independently usable by, blind individuals.  Instead, Defendant's POS Devices have touch screen surfaces with features that are not discernible to individuals who are blind or visually impaired.

Plaintiffs are seeking certification of a class of all blind individuals who have attempted, or will attempt, to make a debit purchase with Defendant's POS Devices at its stores throughout the United States.  "Courts repeatedly have held that class actions brought pursuant to Title III of the Americans With Disabilities Act satisfy all prerequisites for certification under Fed. R. Civ. P. 23(a), and 23(b)(2)."[2]  *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 461 (S.D. Fla. 2002).  This case is no different.  Accordingly, and for the following reasons, Plaintiffs respectfully request that this Court grant their unopposed motion.

## B. FACTUAL BACKGROUND

In February 2014, Mr. New, a blind individual who resides in Miami Beach, Florida, visited Defendant's store located at 1420 20th Street, Miami Beach, Florida.  Mr. New attempted to make a purchase with his debit card, but was unable to complete the transaction because to make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN").  However, because Mr. New could not discern the numerical references displayed on the touchscreen of Defendant's POS Device, Mr. New did not

---

[2] *See, e.g., Access Now, Inc. v. Ambulatory Surgery Ctr. Group, Ltd.,* 197 F.R.D. 522, 525 (S.D. Fla. 2000) (certifying class of disabled persons as defined by the ADA in action against medical care facilities for failing to comply with Title III); *Access Now, Inc. v. AHM CGH, Inc.,* No. 98–3004–CIV–GOLD/SIMONTON, 2000 WL 1809979  (S.D. Fla. July 12, 2000) (same); *Colorado Cross-Disability Coalition v. Taco Bell Corp.,* 184 F.R.D. 354 (D. Col. 1999) (certifying class of persons who use wheelchairs and scooters in action against fast food chain for failing to comply with Title III of the ADA and Colorado law);  *Anderson v. Pennsylvania Dep't of Pub. Welfare,* 1 F. Supp. 2d 456, 462 (E.D. Pa. 1998) (certifying class of persons with mobility and/or vision impairments in suit under Title III of the ADA to obtain accessibility improvements in managed health-care program);  *Neff v. VIA Metro. Transit Auth.,* 179 F.R.D. 185, 196 (W.D. Tex. 1998) (certifying class of individuals with disabilities covered by the ADA and Rehabilitation Act seeking greater accessibility of defendants' transportation services and facilities).

have the ability to independently make a debit purchase.  Instead, he would need to divulge his PIN to a sales associate in order to complete the debit transaction.

Access Now is a Florida not-for-profit corporation that has its principal place of business in Miami Beach, Florida.  Access Now is an advocacy organization which seeks compliance with the ADA and comparable federal and state anti-discrimination statutes through both educational efforts to correct violations, and, when necessary, litigation to enforce the ADA and federal and state anti-discrimination law.  Many of Access Now's members are qualified individuals with disabilities, including visual impairment, as defined by the ADA.  In 2013 and 2014, members of Access Now also visited Defendant's stores located at 1420 20th Street, Miami Beach, Florida and 5734 Sunset Drive, South Miami, Florida.

## C. ARGUMENT

**1.     Preliminary Approval of the Joint Stipulation Is Proper Because the Settlement is Fair, Reasonable, and Adequate.[3]**

Under Rule 23(e)(1) the Court will approve a class-action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1).  Approval of a class-action settlement is a two-step process. *Fresco v. Auto Data Direct, Inc.*, 0361063CIV-MARTINEZ, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007).  In the first step, the Court determines whether the proposed settlement should be preliminarily approved. *Id.*  At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* (citations omitted).  A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Id.* (citing *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quoting

---

[3] An executed copy of the Stipulation of Settlement is attached as Exhibit A.

*Armstrong v. Board of School Directors,* 616 F.2d 305, 312 (7th Cir. 1980))).  In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision as to whether to approve the proposed settlement.  *Id.*  In evaluating the proposed settlement and considering whether it should be preliminarily approved, a court will consider the following factors: (a) the absence of any collusion among the parties; (b) the significant risks of continued litigation; (c) the complexity, expense, and duration of the litigation; (d) the substantial injunctive relief that will be provided under the proposed settlement; (e) the advanced stage of the litigation; and (f) the judgment of experienced counsel for the parties.  *Id.*

In this case, all of the factors weigh in favor of the Court granting preliminary approval.  First, there is no evidence of collusion amongst the parties.  To the contrary, the settlement outlined in the Joint Stipulation was reached after many months of arms-length settlement discussions during which the parties and their counsel had a full opportunity to appraise the strengths and weaknesses of the case.  Second, the parties face significant risks from continued litigation, which also favors preliminary approval of the settlement.  Plaintiffs have advanced a novel claim under the ADA with relatively little case law interpreting it.  Moreover, Defendant has denied any such violation of the ADA or its interpreting regulations.  Third, were this matter to continue, numerous, complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court.  Fourth, under the terms of the Joint Stipulation, Defendant has agreed to modify its POS Devices to improve accessibility for blind patrons, even though Defendant disputes that its POS Devices violate the ADA and no finding of liability has been made. The Joint Stipulation provides the greatest degree of uniformity in modifications to Defendant's stores.  Finally, the advanced

stage of the litigation and the judgment of experienced counsel for the parties favor preliminary approval. This case was filed nearly five months ago and the proposed settlement is supported by experienced counsel for the parties. "The unanimous support of counsel for this settlement weighs strongly in favor of its approval." *Id.* at *6. Accordingly, because the proposed settlement is fair, reasonable, and adequate, Plaintiffs respectfully request that this Court preliminarily approve the Joint Stipulation.

**2.    Standards Governing a Motion under Fed. R. Civ. P. 23.**

Federal Rule of Civil Procedure 23 governs a motion seeking class certification. As the Supreme Court noted in *General Telephone Company of Southwest v. Falcon,* 457 U.S. 147, 156 (1982), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457 (2006):

> The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.' Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.' For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion . . . .'

*Id.* (internal citations omitted).

In order to obtain class certification, a plaintiff must satisfy Rule 23(a)'s four requirements: (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) ("The Rule [has] four requirements—numerosity, commonality, typicality, and adequate representation.").

Additionally, a plaintiff must demonstrate that one of the three conditions of Rule 23(b) is satisfied. Here, Plaintiffs rely on Rule 23(b)(2) which obligates them to show that "the defendant has acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate." *See generally Moore v. American Federation of Television & Radio Artists,* 216 F.3d 1236, 1241 (11th Cir. 2000).

**3.   The Proposed Class Satisfies the Requirements for Certification.**

Plaintiffs have presented sufficient evidence to satisfy the four prongs under Rule 23(a).

   **i.     <u>The Class is So Numerous that Joinder of all Parties is Impracticable.</u>**

Federal Rule of Civil Procedure 23(a)(1) authorizes class certification where the proposed class is so numerous that joinder of all parties is impracticable. Here, the proposed settlement class satisfies the numerosity requirement.

As of February 2, 2014, Defendant operated 254 stores in the United States, Canada, Australia, and New Zealand under the lululemon athletica and ivivva athletica brand names. *See* lululemon Snapshot, available at http://investing.businessweek.com/research/stocks/snapshot/snapshot.asp?ticker=LULU. Blind individuals across the United States are patrons of Defendant's stores. While it is impossible to precisely determine the number of blind individuals who are class members, "[t]he Court need not make specific findings as to the number of persons in the putative class, but rather 'may examine statistical data and then draw reasonable inferences from the facts in determining whether the numerosity requirement has been met.'" *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 462 (S.D. Fla. 2002) (quoting *Access Now, Inc. v. AHM CGH, Inc.,* No. 983004-Civ-Gold/Simonton, 2000 WL 1809979, at *2 (S.D. Fla. July 12, 2000) (citations omitted)). According to the U.S. Census Bureau, of the 241.7 million

adults aged 15 and older, about 14.9 million experience some difficulty with seeing, hearing, or having their speech understood. *See* Americans with Disabilities: 2010, Current Population Reports (July 2012), available at http://www.census.gov/prod/2012pubs/p70-131.pdf. Indeed, about 8.1 million people have difficulty seeing, including 2 million people who are blind. *See* Americans with Disabilities: 2010, Current Population Reports (emphasis added).

While there is no magical number of potential plaintiffs required to satisfy the numerosity requirement, the Eleventh Circuit has held that "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). Here, even if only a small percentage of blind individuals have been or will be patrons at Defendant's stores, class membership would potentially number in the thousands and joinder would be impracticable. The Court may make common sense assumptions to support a finding that joinder is impracticable. *See* 1 Robert Newberg, § 3.3 at 225 (4th ed. 2002) ("Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."). Thus, here, the proposed class satisfies the numerosity requirement. *See Amoco Oil Co.*, 211 F.R.D. at 462-63; *AHM CGH, Inc.*, 2000 WL 1809979, at *2 (determining class of individuals with disabilities denied full and equal access to defendant's acute care hospitals, surgical centers, clinics and medical office buildings satisfied the numerosity requirement); *Access Now Inc. v Ambulatory Surgery Ctr. Group, Ltd.*, 197 F.R.D. 522 (S.D. Fla. 2000) (same); *Arnold v. United Artists Theater Circuits, Inc.*, 158 F.R.D. 439, 448 (C.D. Cal. 1994) (determining that class of wheelchair users and semi-ambulatory persons denied full and equal access under the ADA to movie

theaters based on design and construction of those theaters satisfied the numerosity requirement).

Other factors bearing on impracticability of joinder of class members include their geographic diversity, financial resources, and their ability to institute individual actions. *See Ambulatory Surgery Ctr. Group, Ltd.,* 197 F.R.D. at 525. When potential plaintiffs do not all reside within a specific geographic area, class certification becomes much more practical. *See Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir. 1986) ("[W]e conclude that the district court did not abuse its discretion in finding that the numerosity requirement had been met. Plaintiffs have identified at least thirty-one individual class members, and . . . [t]he certified class also includes applicants from a wide geographical area."). Here, the potential plaintiffs are blind individuals residing throughout the United States who have patronized, or will patronize, one of Defendant's hundreds of stores. *See* lululemon store map, available at http://www.lululemon.com/stores/ (demonstrating, amongst other states, that Defendant has stores in California, New Mexico, Arizona, Florida, Louisiana, Texas, Oklahoma, Minnesota, and Alabama).

Moreover, the parties have incurred substantial legal fees and expenses in litigating this action. Many members of the proposed class, however, may lack the financial means to maintain individual actions or access to counsel willing to take a non-monetary case where the outcome is so unpredictable. *See Ambulatory Surgery,* 197 F.R.D. at 525 ("It is expected that most class members would not have the resources available, or the access to counsel willing to take a non-monetary case, to litigate claims of the variety alleged herein individually. One of the 'central concept[s] of Rule 23' is that a class action permits plaintiffs whose claims for damages are too small to justify the costs of litigation the ability to seek redress."). Accordingly, the potential

class members' geographic distribution, limited financial resources, and inability to initiate individual actions makes joinder impractical.

### ii.     There are Questions of Law and Fact Common to the Class.

"In many ways, the commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000). The requirements of Rule 23(a)(2) are met if there are any questions of law or any questions of fact common to members of the proposed class. *See Ambulatory Surgery Ctr. Group, Ltd.,* 197 F.R.D. at 526 n.2 (finding that the "commonality requirements will be satisfied if the named plaintiffs share at least one question of fact or law with the grievance of the prospective class"). Not every question of law or fact need be common to every member of the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Amoco Oil Co.,* 211 F.R.D. at 463 (citing *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1557 (11th Cir. 1986)); *see also Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (finding that the commonality and typicality requirements are satisfied where the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory).

This case poses numerous questions of law and fact common to the potential class members, including, but not limited to, the following: (1) whether Defendant's stores are places of public accommodation under the ADA; (2) whether Defendant's use of the POS Devices in its stores had the effect of discriminating against blind and visually impaired

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR. | SUITE 424 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

patrons; (3) whether Defendant provided auxiliary aids and services to its patrons in order to make the POS Devices fully accessible to and independently usable by its blind patrons; (4) if Defendant did not provide auxiliary aids and services to its blind patrons, whether doing so would fundamentally alter the nature of Defendant's business and/or impose an undue burden upon Defendant; and (5) whether Plaintiffs have encountered any alleged barriers at Defendant's stores. The named Plaintiffs have alleged barriers to accessibility and discriminatory practices that are common to the class as a whole. The alleged existence of barriers to accessibility and the application of allegedly discriminatory policies comprises a "common nucleus of operative facts" that supports class certification. *AHM CGH, Inc.,* 2000 WL 1809979 at *3. "Plaintiffs' allegations of common discriminatory practices of ADA noncompliance, as a matter of law, satisfy the requirement that the representative plaintiffs share at least one question of fact or law with the grievances of the protective class." *Amoco Oil Co.,* 211 F.R.D. at 463.

### iii.     The Named Plaintiffs' Claims are Typical of the Claims of the Class.

Rule 23(a)(3) requires that the claims of the named representatives be typical of the claims of the class. The purpose of the typicality requirement is to ensure that the interests of the named plaintiffs are aligned with the interests of the class. *See Prado-Steiman v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000). Where such alignment exists, a named plaintiff who vigorously pursues his or her own interest will necessarily advance the interests of the class.

The claims of the named plaintiffs are typical of the claims of the class at large where they share "the same essential characteristics as the claims of the class at large." *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir. 1985), disapproved on other grounds *Green v. Mansour,* 474 U.S. 64 (1985). A strong similarity of legal theories will satisfy the typicality requirement

even if some factual differences exist.  *See id*.; *see also Ambulatory Surgery Center Grp., Ltd.,* 197 F.R.D. at 527-28 ("The claims of the named Plaintiffs . . . need only be similar and/or arise from the same remedial and legal theories.").  Although the requirement of typicality tends to overlap with that of commonality, the latter traditionally focuses on the characteristics of the class as a whole whereas the former refers to the individual characteristics of the named plaintiffs in relation to the class.  *See Prado-Steiman,* 221 F.3d at 1279.

Here, the claims of David New and Access Now are typical of, and identical to, the claims of the putative class members.  Both claim that Defendant's use of flat touch screen POS Devices discriminates against blind and visually impaired consumers in violation of the ADA by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at Defendant's stores.  Moreover, the alignment of Plaintiffs' interests and the interests of the putative class members is further emphasized by the fact that the requested declaratory and injunctive relief sought by Plaintiffs, if granted, would benefit not just the named plaintiffs, but all of the putative class members. "Here, each individual class member would raise the same claims as the representative Plaintiffs against [Defendant], and seek the same remedy—injunctive relief for compliance with the ADA, including the removal of structural and communication barriers to access.  <u>Clearly, commonality and typicality are sufficiently established for certification of this class</u>." *Amoco Oil Co.,* 211 F.R.D. at 464 (emphasis added).  Accordingly, the claims of the named plaintiffs clearly satisfy the typicality requirement of Rule 23(a)(3).  *See AHM CGH, Inc.,* 2000 WL 1809979 at *3 (holding that claims of named plaintiffs challenging accessibility of medical facilities were typical of the class); *Ambulatory Surgery Center Group, Ltd.,* 197 F.R.D. at 527-28 (same); *Lightbourn v.*

*Texas,* 118 F.3d 421, 426 (5th Cir. 1997) (holding that named plaintiffs' claims challenging accessibility of polling places were typical of the class).

> iv. **The Named Plaintiffs and their Counsel will Fairly and Adequately Protect the Interests of the Class.**

The final requirement of Rule 23(a) is that the proposed class representatives fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 625 (1997).

When assessing the adequacy of representation, courts consider (1) whether the representatives and the putative class members share common interests; and (2) the competency of the representatives' counsel. *See Amchem Products Inc.,* 521 U.S. at 625-26 n.20. Adequacy of representation is usually presumed in the absence of evidence to the contrary. *See AHM CGH, Inc.,* 2000 WL 1809979 at *4. Here, the named Plaintiffs seek to ensure that Defendant's POS Devices are fully accessible to, and independently usable by, blind individuals. No conflict or antagonism exists that could hinder the named Plaintiffs' ability to pursue this lawsuit vigorously on behalf of the class.[4] Indeed, Access Now has brought over three hundred (300) actions seeking compliance with Title III of the ADA on behalf of the community of individuals with disabilities. *See, e.g., Access Now, Inc. v. AHM CGH, Inc.,* 2000 WL 1809979 (S.D. Fla. 2000); *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.,* 197 F.R.D. 522 (S.D. Fla. 2000). Consequently, there is no doubt that the named Plaintiffs fairly and adequately protect the interests of the class and will vigorously pursue the class claims.

---

[4] The potential for conflict typically exists where individual monetary damages are sought for members of the class. *See, e.g., Amchem Products, Inc.,* 521 U.S. at 626. Because monetary relief is not available under Title III and the injunctive and declaratory relief sought provide substantially equal benefits and relief to the class, the interests of the named Plaintiffs do not conflict with those of the putative class. *See Ambulatory Surgery Center Group, Ltd.,* 197 F.R.D. at 528.

Adequacy of counsel can be met by showing that the Plaintiffs' counsel is qualified, experienced, and generally able to conduct the litigation. In this case, the named Plaintiffs are represented by Andrew Boese and Tiffany Anderson. Mr. Boese and Mrs. Anderson have experience litigating class actions and ADA actions in the Southern District of Florida. Plaintiffs' counsel is thus qualified to conduct this litigation and Plaintiffs are committed to prosecuting this action vigorously on behalf of all members of the class.

**4.     The Class Action is Maintainable under Rule 23(b)(2).**

In addition to satisfying the requirements of Rule 23(a), the action must also qualify for class treatment under one of the provisions of Rule 23(b). Here, Plaintiffs seek certification under Rule 23(b)(2) because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See* Fed. R. Civ. P. 23(b)(2). Plaintiffs seek injunctive and declaratory relief, claiming violations of Title III of the ADA that affect class members. Monetary damages are not available to private litigants bringing suit under Title III. *See* 42 U.S.C. § 12188.

This is precisely the kind of case for which certification under Rule 23(b)(2) is appropriate. *See AHM CGH, Inc.,* 2000 WL 1809979 at *5 (holding that case seeking exclusively injunctive relief for alleged noncompliance with Title III of the ADA "fits squarely within the ambit of cases for which Rule 23(b)(2) was created"). Indeed, courts have frequently certified classes in actions seeking declaratory and injunctive relief under the ADA. *See, e.g., AHM CGH, Inc.,* 2000 WL 1809979 at *4 (certifying class with respect to alleged inaccessibility of medical facilities); *Ambulatory Surgery Ctr. Group, Ltd.,* 197 F.R.D. at 528-29 (same);

*Lightbourn,* 118 F.3d at 426; *Gurkenberger v. Boston Univ.,* 957 F. Supp. 306 (D. Mass. 1997) (certifying class of learning disabled students on claims for accommodation from university).

Here, the parties' Stipulation provides injunctive relief, and is based upon allegations of class-based discrimination for noncompliance with the ADA.  The case fits squarely within the ambit of cases for which Rule 23(b)(2) was created.  Accordingly, the putative class satisfies the requirements for certification of a class under Federal Rule of Civil Procedure 23.

5. **The Proposed Notice Is Adequate.**

Rule 23(e) of the Federal Rules of Civil Procedure states "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  Unlike class actions certified under Rule 23(b)(3), actions certified under Rule 23(b)(2) do not contain strict notice requirements, leaving it to the Court's discretion to determine what notice, if any, should be given.  *See* Fed. R. Civ. P. 23(c)(2).  Here, the parties propose three forms of notice: (1) publication of notice in Access Now's newsletter and the American Council for the Blind's newsletter; (2) emailing and mailing notice to every blind and visually impaired potential member of the class identified in Access Now's records; and (3) posting agreed upon notices on various Internet sites, including Access Now's website.  The settlement notice, posted notice, and publication notice fairly, accurately, and reasonably inform members of the putative class of:  (1) the nature of this litigation and the essential terms of the Stipulation; (2) how to obtain additional information regarding this matter and the Stipulation; and (3) how to challenge, or exclude themselves from the settlement if they wish to do so.  These forms of notice are adequate to provide notice to the class and comply with the due process requirements of Rule 23.  *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1342 (S.D. Fla. 2011) (finding the notice "was sufficient to satisfy the

requirements of due process because it described 'the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment'").

**6. The Proposed Time Schedule Is Reasonable.**

Finally, the parties propose the following time schedule for notice, comment, and final approval of the Stipulation. *See* Proposed Order Granting Preliminary Approval to Class Action Settlement, attached as Exhibit B. First, the parties request twenty-one (21) days from the date of preliminary approval to mail and post notice in the various forms indicated above. Second, the parties request thirty-five (35) days from the date of preliminary approval to publish notice in Access Now's newsletter. Third, the parties request that members of the class who wish to be excluded mail their requests for exclusion to the settlement administrator no later than ninety-one (91) days after preliminary approval. Fourth, the parties request that members of the class who wish to object and appear at the Fairness Hearing file their objection and notice of intention to appear no later than ninety-one (91) days after preliminary approval. Finally, the parties request that the Fairness Hearing take place no less than one hundred and twelve (112) days after preliminary approval. The parties agree that this time line is reasonable and reserve the right to request changes in the schedule to the extent any such change becomes necessary.

**D. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant preliminary approval of the Joint Stipulation, conditionally certify the proposed class, approve the form of the proposed notice and direct that it be issued, and issue a scheduling order.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs' counsel certifies that they made a good faith effort to resolve the matter referred to in this Motion. Specifically, Plaintiffs' counsel conferred with Defendant's counsel regarding the relief requested in this Motion, and Defendant's counsel *agreed* to the requested relief.

Dated: July 22, 2014

Respectfully Submitted,

By: *s/Andrew B. Boese*
Andrew B. Boese, Esq.
  Florida Bar No. 824771
Tiffany L. Anderson, Esq.
  Florida Bar No. 83995
LEÓN COSGROVE
255 Alhambra Circle, Suite 424
Coral Gables, FL 33134
Telephone: (305) 740-1975
Facsimile: (305) 437-8158
aboese@leoncosgrove.com
tanderson@leoncosgrove.com
kvasquez@leoncosgrove.com

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2014, a true and correct copy of the foregoing document was automatically forwarded upon filing via the CM/ECF system to the following:

Edward C. Thompson, Esq.
Fredrick H. Lebron McClure, Esq.
**DLA Piper, LLP**
100 North Tampa Street, Suite 2200
Tampa, FL 33602
Tel:    (813) 229-2111
Email: colin.thompson@dlapiper.com
Email: fredrick.mcclure@dlapiper.com

*Counsel for Defendant*

*s/ Andrew B. Boese*
Andrew B. Boese