IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID NEW, individually and on behalf
of all others similarly situated, and ACCESS
NOW, INC., a Florida not-for-profit corporation,

CASE NO. 1:14-CV-20589-DPG

        Plaintiffs,

v.

LULULEMON USA, INC.,

        Defendant.
_____/

## JOINT MOTION TO STAY AND INCORPORATED MEMORANDUM OF LAW

Defendant, LULULEMON USA, INC., and Plaintiffs, DAVID NEW, individually and on behalf of all others similarly situated, and ACCESS NOW, INC., (collectively the "**Parties**"), through their undersigned counsel and in accordance with Federal Rule of Civil Procedure 7(b) and Local Rule 16.1(b), hereby move to stay this Court's April 28, 2014 Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge ("**Scheduling Order**") pending this Court's ruling on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, and state as follows:

1. On February 17, 2014, Plaintiff, DAVID NEW, individually and on behalf of all others similarly situated, filed a Class Action Complaint against Defendant, LULULEMON USA, INC. ("**Defendant**")

2. On March 31, 2014, Defendant filed its Answer and Affirmative Defenses to the Class Action Complaint.

1

3. On April 11, 2014, the Parties filed a Joint Proposed Scheduling Report and Discovery Plan.

4. On April 28, 2014, this Court entered a Scheduling Order.

5. On June 9, 2014, Plaintiffs, DAVID NEW, individually and on behalf of all others similarly situated, and ACCESS NOW, INC. filed an Amended Class Action Complaint against Defendant.

6. On June 18, 2014, Defendant filed its Answer and Affirmative Defenses to the Amended Class Action Complaint.

7. Subsequent to the entry of the Court's Scheduling Order, the Parties engaged in informal discovery and commenced settlement discussions. Those good faith settlement discussions resulted in the Parties executing a Stipulation of Settlement on July 18, 2014.

8. On July 22, 2014, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Settlement.

9. The Court has not yet rendered a ruling on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement or set same for hearing.

10. In light of the Parties' executed Stipulation of Settlement and the pendency of the Court's ruling on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, the Parties believe that the interests of judicial economy and the avoidance of economic waste weigh in favor of the Court staying the Scheduling Order.

## **MEMORANDUM OF LAW**

A District Court has wide discretion to enter orders to control its own docket and bring an action to an efficient resolution. See Bowers v. Northern Telecom, Inc., 905 F.Supp. 1004, 1008 (N.D. Fla. 1995) (citing Pacific Indem. Co. v. Broward County, 465 F.2d 99 (5th Cir.

1972) ("Trial courts have broad discretion to govern the course of pre-trial matters . . . ."). In this regard, "[t]he grant or denial of a stay of proceedings is within the Court's sound discretion." Georgia Assoc. of Educators v. Harris, 403 F. Supp. 961, 964 (N.D. Ga. 1975) (citing PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674 (5th Cir. 1973)). The Court has broad discretion to modify its pretrial orders and "there is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." See United States v. Varner, 13 F.3d 1503, 1507 (11th Cir. 1994) (citing Sherman v. United States, 462 F.2d 577, 579 (5th Cir. 1972).

Specifically, the Court has the discretion to issue a stay of proceedings "where there is little possibility that the stay will harm others." Dunn v. Air Line Pilots Ass'n., 836 F.Supp. 1574, 1584 (S.D. Fla. 1993) (citing Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). Courts have exercised this broad discretion in the context of pending motions. See, e.g., In re Managed Care Litigation, 2001 WL 664391, *2 (S.D. Fla. 2001) (granting motion to stay discovery pending ruling on, *inter alia*, motion to compel arbitration and motion to dismiss).

Here, the Court should stay the proceedings and should refrain from enforcing the Scheduling Order until after it rules on the pending Unopposed Motion for Preliminary Approval of Class Settlement. As set forth in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, the Parties engaged in good faith settlement discussions and executed a Stipulation of Settlement. Neither party would be prejudiced or injured by a stay pending the Court's ruling on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. To the contrary, the requested stay will serve to avoid wasteful efforts and needless expenses.

WHEREFORE, Defendant, LULULEMON USA, INC., and Plaintiffs, DAVID NEW, individually and on behalf of all others similarly situated, and ACCESS NOW, INC., respectfully request that the Court enter an order staying compliance with the Court's April 28, 2014 Scheduling Order until such time as the Court has ruled on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement.

Date: August 29, 2014

Respectfully submitted,

s/Andrew B. Boese
Andrew B. Boese
Florida Bar No. 824771
aboese@leoncosgrove.com
Tiffany L. Anderson
Florida Bar No. 83995
tanderson@leoncosgrove.com
kvasquez@leoncosgrove.com
**LEÓN COSGROVE**
255 Alhambra Circle
Suite 424
Coral Gables, FL 33134
Phone: (305) 740-1975
Fax: (305) 437-8158
*Attorneys for Plaintiffs*
*David New and Access Now, Inc.*

s/Fredrick H.L. McClure
Fredrick H.L. McClure
Florida Bar No. 147354
fredrick.mcclure@dlapiper.com
sheila.hall@dlapiper.com
E. Colin Thompson
Florida Bar No. 684929
colin.thompson@dlapiper.com
arlene.vice@dlapiper.com
**DLA PIPER LLP (US)**
100 North Tampa Street
Suite 2200
Tampa, FL 33602-5809
Phone: (813) 229-2111
Fax: (813) 229-1447
*Attorneys for Defendant*
*Lululemon USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record and that paper copies will be sent to those indicated as non-registered participants on August 29, 2014.

s/ Fredrick H.L. McClure
Attorney

EAST\81382913.1