UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-20589-GAYLES/Turnoff

**DAVID NEW** and **ACCESS NOW, INC.**,
individually and on behalf
of all others similarly situated,

        Plaintiffs,

v.

**LULULEMON USA, INC.**,

        Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, GRANTING ATTORNEYS' FEES, AND ENTRY OF FINAL JUDGMENT

Plaintiffs DAVID NEW and ACCESS NOW, INC., on behalf of themselves and a nationwide class (the "Settlement Class"), and Defendant LULULEMON USA, INC. ("Lululemon") (collectively, "the Parties"), have entered into an Amended Stipulation of Settlement (the "Stipulation"). The Parties previously submitted the Stipulation to this Court for preliminary approval of the class action settlement provided for therein (the "Settlement"). On August 7, 2015, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order") [ECF No. 42]. On December 2, 2015, the Parties filed a declaration confirming the timely distribution to the Settlement Class of the Settlement Notice and Publication Notice required by the Preliminary Approval Order [ECF No. 47]. Now, the matter having come before the Court for hearing on December 3, 2015, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes

1

that it has jurisdiction over the Parties and the subject matter and **FINDS, CONCLUDES, AND ORDERS** as follows:

I.     **JURISDICTION OF THE COURT**

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

II.    **CLASS CERTIFICATION**

In the Preliminary Approval Order, this Court granted conditional class certification to the following nationwide Settlement Class:

> Each blind or visually impaired individual in the United States and its territories who from January 1, 2010 to August 7, 2015 purchased or attempted to purchase goods at a Lululemon Store with a debit card and was unable to independently use the POS Device in the Lululemon Store to complete their purchase. Excluded from the Settlement Class are officers, directors, and employees of Lululemon and their parents and subsidiaries, as well as judicial officers and employees of the Court.

The Court found and concluded that the Settlement Class satisfied all the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws; appointed Plaintiffs as class representatives; and appointed Plaintiffs' counsel, the law firm Leon Cosgrove, LLC as counsel for the Settlement Class ("Class Counsel").  Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that the provisions of the Preliminary Approval Order conditionally certifying the Settlement Class, appointing

Plaintiffs as representatives of the Settlement Class, appointing KCC Class Action Services as the Claims Administrator, and appointing Class Counsel should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the nationwide class settlement provided for in the Stipulation and Settlement, and entering final judgment in this action.

### III.  NOTICE

The Preliminary Approval Order approved: (1) the form and content of a posted notice (the "Posted Notice") to be posted on the Claims Administrator's website, www.accessnowsettlement.com, and linked to Access Now, Inc.'s website, adaaccessnow.org; (2) the form and content of a publication notice (the "Publication Notice"); and (3) the plan specified in the Stipulation for distributing the Posted Notice and a Publication Notice.

The Publication Notice fairly, accurately, and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Stipulation; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Stipulation; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Publication Notice fairly and adequately informed members of the

Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Publication Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan.

The Preliminary Approval Order required Lululemon to file with the Court a declaration of its compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Lululemon has filed the required declaration. Additionally, Lululemon's Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

**IV.   PERSONS EXCLUDED FROM THE SETTLEMENT CLASS**

The Claims Administrator did not receive any requests for exclusion from the Settlement Class. *See* [ECF No. 47-1].

**V.   FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

In the Preliminary Approval Order, the Court found that the Stipulation appeared to be

fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides the Settlement Class with the benefits described in Section V. of the Stipulation. The Stipulation provides these benefits to the Settlement Class even though Lululemon has at all times disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the defenses asserted by Lululemon in pleadings filed with this Court, (2) the risk to Settlement Class Members that Lululemon would successfully defend, at trial or on appeal or both, against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by Settlement Class Members themselves or on their behalf in a class action, and (3) the length of time that would be required for Settlement Class Members to obtain a final judgment through one or more trials and appeals, the Settlement Agreement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery by Plaintiffs, Class Counsel, and Lululemon, and a protracted, arm's-length negotiation process, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the strengths and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Lululemon, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the parties, the

Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement Agreement and enters this Judgment implementing its terms. The Court hereby adopts and incorporates the terms of the Stipulation for the purposes of this Final Approval Order, including the Definitions set forth in the Stipulation.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court **ORDERS** as follows:

1. As soon as reasonably practicable after the Effective Date, but no later than January 1, 2015, Lululemon will begin equipping each existing Lululemon Store with VeriFone MX 915 Tactile PIN Pads as set forth herein. Provided, however, all new Lululemon Stores that are opened during the Term of the Stipulation will be equipped with VeriFone MX 915 Tactile PIN Pads as set forth herein as soon as the equipment is programmed and certified as usable in Lululemon Stores.

2. VeriFone MX 915 Tactile PIN Pads shall be programmed so that blind and visually-impaired customers may independently perform the same POS functions that may be performed by fully-sighted customers using the VeriFone MX 915 Device without utilizing the Tactile PIN Pad.

3. Lululemon shall provide at least one VeriFone MX 915 Tactile PIN Pad in each Lululemon Store, and all Lululemon Stores will be equipped with VeriFone MX 915 Tactile PIN Pads no later than May 31, 2015.

4. Subsequent to implementation of this Order, if Lululemon changes the POS Devices and or methods in the Lululemon Stores, any new POS Device and or methods shall be

enabled in such a way to facilitate the same usages as required herein for the VeriFone MX 915 Tactile PIN Pads.

    5.    The Court hereby **GRANTS** Plaintiff's Verified Unopposed Application for Attorneys' Fees, Litigation Expenses, Costs, and Service Payment to Class Representatives [**ECF No. 44**] as follows:

    A.    The Court hereby award $7,000.00 face value in Lululemon gift cards to the Plaintiffs, jointly, in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class.

    B.    The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Lululemon's agreement to certain operational changes both now and into the future; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Lululemon's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with

>Plaintiffs, who have reviewed the Amended Stipulation and been informed of Class Counsel's Application and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Amended Stipulation, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's Application, and no Settlement Class Members objected. For these reasons, the Court hereby approves Class Counsel's Application and awards to Class Counsel fees and costs in the total aggregate amount of $37,000.00.

C. Lululemon shall pay the awards to Class Counsel and to Plaintiffs in accordance with and at the times prescribed by the Stipulation.

## VII.  RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A.  Releases

In consideration of the terms of the Stipulation, all members of the Settlement Class who have not timely excluded themselves from the Settlement ("Settlement Class Members"), including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" include all known and unknown claims, actions, and causes of action relating to the POS Devices, other than claims for personal injury, and/or any money damages under any state disability law, and this Stipulation is expressly intended to cover and include all such claims, actions, and causes of action, for losses or damages of any type. Settlement Class Members hereby expressly, knowingly, and voluntarily waive any provision of any state or federal statutory or case law that provide that a general release does not extend to claims that the creditor does not know

or suspect to exist in his or her favor at the time of executing the release, which if known by the creditor must have materially affected his or her settlement with the debtor.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Settlement Class Members expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.

The Settlement Class Members hereby expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of state and federal statutory or case law, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  The Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against Releasees.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Releasees shall be and remain in effect as a full and complete general release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

Settlement Class Members further release all actions, causes of action, claims,

administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that they have or may have against Lululemon.

"Releasees" means: (a) Lululemon, together with its respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns, its past, present, and future officers, directors, agents, representatives, employees, attorneys, and insurers.

In consideration of the terms of the Stipulation, Lululemon and its predecessors, successors and assigns, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Lululemon now has against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Lawsuit or the claims asserted in the Lawsuit.

### B.   Amended Stipulation as Exclusive Remedy for Released Claims

Upon the entry of this Final Approval Order: (1) enforcement of the Stipulation shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim.

Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

### C.     Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Lululemon's stipulation to certification of the Settlement Class provided for in this Order shall be null and void, and the Parties shall return to their respective positions in this Lawsuit as those positions existed as of March 13, 2014.

The final Court-ordered amount of any award of attorneys' fees and costs to Class Counsel is a matter separate and apart from the Stipulation and this Final Approval Order.  Neither the decision by the Court concerning the award of attorneys' fees and costs nor any appeal of the Court's order concerning attorneys' fees and costs shall affect the validity or finality of the Settlement.

## VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Stipulation for the purpose of compromising and settling disputed claims. Nothing in the Stipulation or in the documents relating to the Stipulation shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Stipulation ultimately becomes effective.

**IX.     ENTRY OF FINAL JUDGMENT**

The Court hereby **ORDERS DISMISSAL with prejudice** of all claims alleged in the Class Action Complaint in this case. The Court further **ORDERS THE ENTRY OF, AND HEREBY ENTERS, THIS JUDGMENT**. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Order, as well as all other matters relating to the administration and consummation of the Settlement, including, but not limited to, requests by Lululemon, Class Counsel, or Settlement Class Members for review of the Settlement Administrator.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge Turnoff
        All Counsel of Record